145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bing MAUWEE, Defendant-Appellant.
 No. 97-10296.
D.C. No. CR-96-00069-1-DWH.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Nevada, David Warner Hagen, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bing Mauwee appeals his jury conviction and the sentence imposed for assault resulting in serious bodily injury and use of a firearm during an assault on an Indian reservation, in violation of 18 U.S.C. §§ 113(a) & (b), and 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mauwee contends that the district court erred by admitting into evidence a rifle and a bullet because they were not relevant and that, even if relevant, their prejudicial impact outweighed any probative value. This contention lacks merit.
 
 
 4
 We review the district court's ruling regarding the relevance of this evidence for abuse of discretion. See United States v. Hicks, 103 F.3d 837, 843 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1483, 137 L.Ed.2d 694 (1997). We review a district court's decision to exclude evidence for abuse of discretion. See United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir.1993). The district court did not abuse its discretion by finding that the rifle and the bullet were relevant. See Fed.R.Evid. 401. The district court did not abuse its discretion by finding that the probative value of the rifle and bullet outweighed the prejudice to Mauwee. See Fed.R.Evid. 403; see United States v. Gilley, 836 F.2d 1206, 1213 (explaining that trial courts have wide latitude in making evidentiary rulings and they will not be disturbed absent a clear abuse of discretion).
 
 
 5
 Mauwee also contends that the district court erred by denying his request for a theory of defense instruction stating that the testimony of an alcohol abuser must be examined with greater care. This contention lacks merit because Mauwee's requested instruction did not set forth a theory of defense but rather was a credibility instruction. See United States v. Garcia, 37 F.3d 1359, 1366 (9th Cir.1994) (no error in refusing instruction because "[i]t did not provide the requisites of a legal defense to the offense charged"). Furthermore, the district judge adequately instructed the jury on the credibility of the witnesses using the Ninth Circuit Model Instruction § 3.07, and Mauwee was not entitled to any particular form of instruction. See United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987). Accordingly, the district court did not err by correctly rejecting the instruction. See Amlani, 111 F.3d 705, 716 n. 5 (9th Cir.1997).
 
 
 6
 Mauwee further contends that the district court erred by denying him a downward adjustment for acceptance of responsibility. This contention lacks merit because the district court did not clearly error here. See U.S.S.G. § 3E1.1, comment n. 2 (1995) (adjustment not applicable to defendant who puts government to burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt); United States v. Alexander, 48 F.3d 1477, 1493-94 (9th Cir.1995) (where defendant not entitled to a sentence reduction for acceptance of responsibility).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3